UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN R. WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01749-TWP-MJD |
| | ) | |
| SAIC and LEIDOS GLOBAL, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED ENTRY ON MOTION TO DISMISS

Because a draft version of this Entry was inadvertently docketed, the Court now issues the following Amended Entry and the prior Entry (Filing No. 29) is stricken. This matter is before the Court on Defendants SAIC and Leidos Global's[1] (collectively, "Defendants") second Motion to Dismiss for failure to state a claim (Filing No. 22). Plaintiff John R. Williams ("Mr. Williams"), proceeding *pro se*, has filed an Amended Complaint alleging that Defendants retaliated against him for using leave pursuant to the Family Medical Leave Act ("FMLA") and for filing a Federally Protected Right with the Equal Employment Opportunity Commission ("EEOC"), and that he was discriminated against. For the reasons set forth below, Defendants' Motion is **GRANTED.**

### I.  BACKGROUND

The following facts from Mr. Williams's Amended Complaint, although difficult to discern, are accepted as true, and all favorable inferences are drawn in favor of Mr. Williams for purposes of this motion to dismiss. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). Mr. Williams was hired by SAIC on January 6, 2004. He excelled at his work. Mr. Williams had to take time off from work for FMLA/Medical leave for required surgery. He

---

[1] Defendants are improperly identified in Mr. Williams's complaints. Defendants' true names are Science Applications International Corporation ("SAIC") and Leidos Holdings Incorporated. (See Filing No. 12).

worked with management in scheduling surgery and did what was required. Mr. Williams alleges that he was retaliated against for using FMLA and discriminated against repeatedly as follows: his "house and personal property were illegally and repeatedly broken into and destroyed maliciously and willfully;" his "attorney-client privileged documents and evidence have been altered and compromised;" his "Former Employer and Customer stated that they were going to put him "in a Crane/SAIC/LEIDOS Prison as a POW to contain me, imprison and torture him." Mr. Williams also alleges that cameras and technologies discussed openly from his former employer were installed illegally in his house without his knowledge and that he can now identify that his employer illegally hacked into his personal electronics; he "received death threats from co-workers and Management" and was informed that his former employer "created a collaboration (sic) set me up and retaliate;" Mr. Williams's Amended Complaint also alleges that he and his ex-wife "were retaliated against for filing a Federally Protected Right with the EEOC."

On July 14, 2014, Mr. Williams filed a Charge of Discrimination against Defendants with the EEOC, Charge No. 470-2014-02334 (the "Charge"). ([Filing No. 1-1](Filing No. 1-1).) In the Charge, Mr. Williams reports that he was discriminated against based on his genetic information and religion, and retaliated against for filing two earlier EEOC charges. In the narrative of his Charge, he claims that "[f]ollowing the settlement of charge numbers 470-2012-02524 and 470-2013-00754 I have been retaliated against in multiple aspects of subsequent employment." (*Id*. at p. 1) (emphasis added). The Charge further alleges that Mr. Williams discovered software on his computer that he did not place there, had his telephone calls redirected, had his hair samples gathered following a haircut, had his unemployment card hacked, had electricity interruptions, had his Joel Osteen messages changed, and was redirected from GoDaddy.com to fake employer websites.

The original Complaint in this action was filed on October 27, 2014, and on January 5, 2015 Defendants moved to dismiss for failure to state a claim ([Filing No. 10](#)). Mr. Williams filed both a Response in Opposition and an Amended Complaint on January 26, 2015. Mr. Williams attached the EEOC Charge to his original Complaint but the Charge was not attached to his Amended Complaint. On February 18, 2015, Defendants moved to dismiss the Amended Complaint. Mr. Williams filed a Response ([Filing No. 25](#)) on March 10, 2015, however, the Response contains no analysis or argument but merely states that he opposes the motion.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Mosley v. Kinclair*, 947 F.3d 1338, 1339 (7th Cir. 1991). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8 (a)(2), and there is no need for detailed factual allegations. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citation omitted). Nevertheless, the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests," and the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations and quotations omitted). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth v. HSBC Bank Nev. N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Mr. Williams is proceeding without counsel. *Pro se* complaints such as that filed by Mr. Williams are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party

could prevail, it should do so. Despite this liberal construction, the court will not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported conclusions of fact. *County of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006) (internal quotations and citations omitted).

### III. DISCUSSION

Threadbare accusations do not satisfy the standard articulated in *Twombly* and *Iqbal*. In *Mosby v. Liberty Mut. Ins. Co.*, the court dismissed an insufficiently-pled discrimination and FMLA complaint, explaining:

> A proper complaint would set forth Plaintiff's claims in short numbered paragraphs, stating, in a non-argumentative fashion, … (a) the nature of the protected activity (for example, if her communication with [Defendant] included a complaint of discrimination, she should so state); (b) the person(s) who were aware of her protected activity; and (c) how and when those persons retaliated against her.

2012 WL 123774, *4 (N.D. Ill. January 17, 2012). Similarly, Mr. Williams's Complaint should set forth in short numbered paragraphs the nature of the protected activity he claims to have engaged in, who was aware of that activity, and how those people retaliated against him. Instead, Mr. Williams's Amended Complaint is in narrative form and contains a page and a half of non-enumerated sentences. Despite these deficiencies, the Court will proceed with its analysis.

**A.    Discrimination Claims:**

Mr. Williams alleges that he "was discriminated against repeatedly" but he does not provide any details or examples of such, nor does he allege any facts supporting a discriminatory intent. Defendants challenge the Amended Complaint on the basis that it fails to state a claim under Section 1981 for racial discrimination, religious discrimination under Title VII, or retaliation. To begin, Defendants assert that Mr. Williams has abandoned the claims set forth in his EEOC Charge and in the original Complaint. The Court agrees for two reasons. First, none of

4

the discrimination claims from the original Complaint are contained in the Amended Complaint and second, Mr. Williams has provided no analysis or argument with respect to any of his claims. The Amended Complaint makes no allegations and fails to adequately plead any facts to support a claim for racial discrimination, religious discrimination, or "genetic information" discrimination. "[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). Accordingly, the Court finds that Mr. Williams has abandoned claims for discrimination: racial discrimination, religious discrimination, and "genetic information" discrimination, and those claims are **DISMISSED with prejudice**.

**B.     Retaliation Claims**

The remaining claims of retaliation for using FMLA leave and for filing an EEOC Charge also fail as Mr. Williams's amended retaliation claims fail to meet the *Twombly* and *Iqbal* pleading standards. Even though Mr. Williams proceeds *pro se*, he must still abide by Rule 8 and *Twombly*. See *Killebrew v. St. Vincent Health, Inc.*, 295 F. App'x 808, 810 (7th Cir. 2008) (holding that a complaint did not even hint at a plausible right to relief where it was "incoherent and rambling" and failed to assert any facts to support the assertion that the *pro se* plaintiff's termination violated Title VII).

Title VII prohibits an employer from acting in retaliation against employees who oppose any practice made unlawful under Title VII. 42 U.S.C. §2000e-3(a). Retaliation need not only be based on a formal complaint to the EEOC, as the Seventh Circuit has held that "an informal complaint may constitute protected activity for purposes of retaliation claims." *Davis v. Time Warner Cable of SE. Wisconsin, L.P.*, 651 F.3d 664, 674 (7th Cir. 2011) (quoting *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009)). In order to prevail on his FMLA retaliation claim, Mr. Williams must demonstrate that: (1) he engaged in statutorily protected activity, (2) he

5

suffered an adverse employment action, and (3) a causal connection exists between the adverse employment action and his exercise of FMLA rights. *King v. Preferred Technical Group,* 166 F.3d 887,892 (7th Cir. 1999). Defendants assert that Mr. Williams cannot make out a *prima facie* case of retaliation because he has failed to show a causal connection between the alleged retaliatory actions and his statutorily protected conduct. The Court agrees.

In their first Motion to Dismiss, Defendants pointed out the alleged deficiencies in the original Complaint, including the absence of any allegation that Mr. Williams (1) was an "eligible employee" under the FMLA; (2) was entitled to FMLA leave; (3) engaged in statutorily protected activity under the FMLA; or (4) suffered any materially adverse action resulting from or related to his exercise of FMLA rights. ([Filing No. 11 at ECF p. 15](.).) However, the Amended Complaint fails to address the pleading deficiencies noted by Defendants and contains no new allegations to support Mr. Williams's conclusion that he was "retaliated against for using FMLA." Because Mr. Williams fails to identify when or how the Defendants allegedly violated the FMLA, and does not establish a causal connection between any adverse employment action and his exercise of his FMLA rights, this claim fails. Additionally, Mr. Williams fails to allege the timing of any alleged FMLA retaliation, rendering it impossible to ascertain whether any such claim falls within the relevant limitations period. See 29 U.S.C. § 2617(c).

Mr. Williams's claim of retaliation for filing an EEOC Charge also fails. As a general rule, a plaintiff may present, in a federal complaint, only those claims that were first presented in his underlying charge of discrimination. See *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994). Mr. Williams provides no facts that would lead the Court to reasonably conclude what conduct by Defendants was linked to his filing of an EEOC Charge. See, e.g., *Childress v. Dart*, 2013 WL 3168749, *5 (N.D.Ill. June 19, 2013) (granting 12(b)(6) motion in

FMLA and retaliation case where it was "impossible to determine, on the sparse facts alleged, what acts by Defendants would constitute retaliation, separate from the discrimination and harassment alleged"). Instead, Mr. Williams's Amended Complaint is replete with conclusory statements and unsupported facts. For example, Mr. Williams states that "hostility became so severe at work that we was afraid to be at work". Further, Mr. Williams's claims that his former employer destroyed and broke into his personal property and threatened to put him in prison as a prisoner of war do not appear to be reasonably related to the charges he presented to the EEOC. Mr. Williams fails to establish a causal connection between any adverse employment action and his filing of the EEOC Charge.

For all the reasons stated herein, the Court finds the Amended Complaint fails to state a claim for retaliation. Accordingly, the retaliation claims against Defendants must be **DISMISSED** for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Dismiss ([Filing No. 22](#)). The claims against Defendants for racial discrimination, religious discrimination and "genetic information" discrimination and retaliation are **DISMISSED.**

Given the dismissal of this action, the second Motion to Appoint Counsel ([Filing No. 27](#)) and Motion for Preliminary Injunction[2] ([Filing No. 28](#)) are **DENIED** as Moot.

---

[2] A preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (citation and internal quotations omitted). When a court is presented with a request for preliminary injunction, it considers multiple factors. As the Seventh Circuit has recognized, a party seeking to obtain a preliminary injunction must demonstrate: (1) "a likelihood of success on the merits," (2) "a lack of an adequate remedy at law," and (3) "a future irreparable harm if the injunction is not granted." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1020-21 (7th Cir. 2002). Mr. Williams's motion does not establish this criteria. As an alternative, Mr. Williams's allegations that he is being "stalked, harassed and intimidated" can be pursued through a state court proceeding for a civil protective order.

**SO ORDERED.**

Date: 4/20/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John R. Williams
8125 Pocket Hollow Court
Indianapolis, Indiana 46256

Brian D. Burbrink
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.burbrink@odnss.com

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com